## Frederick L. Champlin v. John S. Butler.

### Gen. No. 12,241.

1. DECREE—*when res judicata as to person not party.* One who advised and directed the defense to litigation to which he was not a party and who knew or had means of knowledge that his interests might be adversely affected by the decree rendered therein, is bound by such decree where he has remained silent as to his interests and failed to intervene.

Bill to compel conveyance of life membership in club. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1905. Reversed, with directions. Opinion filed December 14, 1905.

LYMAN M. PAINE, for appellant.

JOHN S. BUTLER, appellee, *pro se;* LLOYD CHARLES WHITMAN, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

May 2, 1902, Butler filed a bill against Champlin, Reiling, and the Chicago Athletic Association, in which he, Butler, alleged that July 10, 1901, he purchased from Reiling a life membership certificate in said Association for $700, it being agreed between them that Reiling might repurchase the same at any time before December 1, 1902, upon repayment of the purchase price with interest, and that

no transfer of the certificate upon the books of the Association should be made before the last named date; that January 18, 1902, Champlin filed his bill against Reiling and the Association, alleging that at the time of said sale he, Champlin, was the owner of said certificate and that Reiling was the bailee only of it; that on the last mentioned bill a default decree was entered February 20, 1902, finding that Champlin was the owner of said certificate, and directing Reiling to endorse and deliver the same to Champlin, and if he failed to do so that the certificate should be cancelled and the Association should issue in lieu thereof a new certificate to Champlin; that Champlin is now seeking to have the Association issue to him a new certificate, which, if done, will render the certificate purchased by Butler from Reiling worthless; and that Butler at the time he purchased said certificate had no notice of the claim of Champlin, and was not made a party to the bill filed by Champlin. The prayer is for an injunction, and that his title to the certificate may be established.

The answer of Champlin, among other things, sets up that Butler took part in the proceedings had under the bill filed January 18, 1902, and was privy thereto, and if he had such interest as he now claims, he then should have made it known to the court, and not having done so, and having allowed the decree to be entered and to become final, he is now estopped to set up any personal right to or title in said certificate.

Reiling also answered, alleging that at the time of the sale to Butler he, Reiling, owned the certificate, and that the decree on the Champlin bill was entered *ex parte* and without any hearing upon the merits.

The cause was heard upon the bill, these answers, the replications thereto, the default of the Association, and proofs. The chancellor entered a decree December 9, 1904, finding that the decree of February 20, 1902, was *res judicata* as between Champlin and Reiling, "but that said decree did not determine the rights of Butler in and to said certificate"; finds and decrees that Butler is the owner of

said certificate, and that the prior decree "be and the same is hereby vacated in so far as, as against Butler, said decree cancels said certificate, or makes it null and void, and in so far as said decree restrains said Association from transferring or assigning said certificate to Butler, or issuing a new certificate to Butler in lieu thereof, and it is further ordered and decreed that the orders entered on May 11, 1904, and May 27, 1904, in said suit Gen. No. 224,475, requiring said Butler to deliver to said Champlin said certificate be and the same are hereby vacated."

It appears from the evidence that Reiling and Butler were business associates, and that when Reiling was served in the Champlin suit, he handed the summons to Butler, a practicing attorney, saying: "John, I have been sued by Champlin; I wish you would take this and look after the matter," and Butler replied, "All right." Butler put the summons in his pocket and forgot it until after default had been taken. Up to that time Butler avers he did not know that this certificate was the subject of that suit. Butler then went to Mr. McClory, the solicitor of Champlin, told him that he, Butler, had neglected the matter and was in a very bad position, and asked him if he would stipulate to set aside the default. Mr. McClory said he must confer with Champlin. Further, Butler says: "I asked him (McClory) what the suit was about, and then realized it was the same certificate I was interested in, although I did not tell McClory at the time what my interest was. I did not deem it necessary or wise. I wanted to reflect upon it. Several days afterward I learned of the decree. A copy was served on Reiling. I served notice on McClory that I would move in the morning to have the default set aside. I signed as Reiling's attorney." The hearing of this motion was postponed. As Butler was to be absent from the city, he asked Attorney McEwen to care for the matter, giving McEwen the facts for an answer by Reiling. At this point Butler says, "I didn't say anything at first about my relation to the certificate, and when I came in to sign the answer I noticed the answer stated that he (Reiling) had

not sold, assigned or encumbered that certificate, and then I stated my interest, and then McEwen made up a correct answer."

THE COURT: "Setting up your interest?"

BUTLER: "No. I think he just cut that phrase out, I am not sure, but after that I lost track of it."

THE COURT: "Why didn't you insist then that he set up the facts in the answer?"

BUTLER: "It was too late then."

In support of the motion to set aside the default Butler's affidavit was filed, in which he admits that he was retained by Reiling as his solicitor in that cause, but as the summons and memorandum handed him by Reiling were temporarily lost, he, Butler, did not enter an appearance for Reiling before the default, and "that affiant is informed and believes from his investigation that Reiling has a meritorious defense to said suit, and will suffer irreparable injury if he is not given an opportunity to present such defense." Nothing is said in this affidavit or in any other of the papers then or prior thereto filed in that cause concerning the claim of ownership which Butler presents in this action.

When the motion to set aside the default and the decree came on to be heard, the court denied the same. Reiling appealed to this Court. March 1, 1904, the Branch Court, speaking through Mr. Justice Baker, affirmed the order of the Circuit Court.

It appears that the present suit lay dormant until the appeal in the Champlin suit was disposed of, and that the decree herein was not entered until December 9, 1904.

Butler had ample notice that the Champlin suit was adverse to his interests. When that bill was filed he was immediately employed to defend the title of Reiling in and to that certificate. That he did not actually know the allegations of the bill arose from his own negligence solely. He

had ample means of knowledge. It was his duty to find out what those allegations were before his client could be defaulted. After the default and before the decree was entered he knew what those allegations were. But he failed to set up his claim in any way, although by service of motions, by dictating the character of Reiling's proposed answer thereto, and by his own affidavit filed therein, he attempted to have that default and that decree set aside. He cannot be permitted thus to trade upon the chance of winning in the name of Reiling, and then, if that failed, to try again in his own name. He should have intervened in that suit, alleged his rights in and to said certificate, and thus had the entire matter disposed of in that litigation. The fact that he was not a party to the record will not protect him. He advised and directed and assisted in the attempt to set aside this default and decree, and he is therefore bound by the decree, although he was not a party to the record. Lightcap v. Bradley, 186 Ill., 630; Smith v. U. S. Ex. Co., 135 Ill., 279; Robbins v. Chicago (4 Wall.), 71 U. S., 672; Landis v. Hamilton, 77 Mo., 565.

It is therefore ordered that the decree of the Circuit Court be and is reversed, with directions to the court below to dismiss the bill for want of equity.

*Decree reversed with directions.*