CURETON, C. J. Opinion of the Commission of Appeals answering certified question adopted, and ordered certified to the Court of Civil Appeals.

═══

### JOHNSON et al. v. BINGHAM.* ·

(No. 564–4018.)

(Commission of Appeals of Texas, Section A. Oct. 15, 1924.)

**I. Appeal and error ⬅╌719(II)—Holdings of Court of Civil Appeals not assigned as error are law of case in Supreme Court.**

Holdings of Court of Civil Appeals not assigned as error are conclusive on plaintiff in error in Supreme Court.

**2. Mortgages ⬅╌186(3)—Burden upon equitable owner to show mortgagee had notice.**

Burden was upon one having interest in land to show that those who took mortgages from record legal owner had notice of his equities.

**3. Vendor and purchaser ⬅╌232(I)—Presence on land held not notice of equities.**

Where holder of record title lived upon land, presence upon land of others, who were apparently servants or tenants, was not such possession as would charge purchaser from record owners with notice of any equities in land.

**4. Judgment ⬅╌675(I)—Attorney having interest in subject-matter bound by judgment same as if he were formal party.**

Attorney having interest in land, subject of litigation, who conducts and controls trial or defense of case, is bound by judgment same as if he were formal party.

**5. Appeal and error ⬅╌931(4)—Presumed that court made finding of joint possession to support joint judgment for rents.**

On appeal in trespass to try title it will be presumed that trial court made finding of joint possession by defendants in support of its joint judgment for rents.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by George H. Bingham against B. L. Johnson, Jr., and others. From a judgment of the Court of Civil Appeals (251 S. W. 529), affirming a judgment for plaintiff, defendants bring error. Affirmed.

Warren & Conn, of Houston, and Lewis H. Follett, of Angleton, for plaintiffs in error.

Cole & Cole, of Houston, A. R. Rucks, of Angleton, and Elliott Cage, of Houston, for defendant in error.

GERMAN, P. J. This suit was brought in the district court of Brazoria county, Tex., by George H. Bingham against John B. Warren, B. L. Johnson, Jr., Amanda Whitfield Laury and husband, Andy Laury, Marie Johnson, Johnie Johnson, Frederick Douglas Johnson, and Bud Johnson. The four last-named parties and B. L. Johnson, Jr., were minors and were represented by guardian ad litem. The suit was in the form of trespass to try title to two tracts of land, one containing 73 acres and the other 29½ acres. F. E. Pye was shown to be common source of title. We will designate the parties as in the trial court.

F. E. Pye conveyed the 73-acre tract to B. L. Johnson, Sr., May 29, 1907. He conveyed the 29½-acre tract to Johnson by deed dated March 16, 1908. Both deeds were filed for record December 3, 1908. Both recite adequate considerations, but Pye testified that he conveyed the land to Johnson for services rendered and because of the close friendship between them, and no money consideration was paid for either tract. On December 8, 1908, B. L. Johnson, Sr., executed a general warranty deed to B. L.

Johnson, Jr., conveying the two tracts of land for a recited consideration of $1 and love and affection. This deed was not filed for record until February 12, 1912. · December 7, 1908, one day prior to the deed to B. L. Johnson, Jr., B. L. Johnson, Sr., executed a mortgage to secure Miss Hattie Fain in the sum of $1,200 and this mortgage was filed for record December 9, 1908. After December 8, 1908, and prior to his death on February 6, 1912, B. L. Johnson, Sr., executed four other mortgages, and they were all filed for record before his death. The notes secured by all of these mortgages, and the liens represented by same, were purchased by H. Masterson for valuable considerations. A. E. Masterson was appointed administrator of the estate of B. L. Johnson, Sr., and the claims of H. Masterson, secured as aforesaid, were duly proved and allowed by the probate court. Under proper orders of the court A. E. Masterson, the administrator, sold the lands in controversy to satisfy the mortgage liens, and Bassett Blakely became the purchaser. January 30, 1913, Blakely sold the lands to George H. Bingham. In the probate proceeding Amanda Whitfield (now Amanda Whitfield Laury) appeared and claimed the land to be the property of her son, B. L. Johnson, Jr., under the deed of December 8, 1908.

On June 24, 1913, Amanda Whitfield, as next friend for her son, B. L. Johnson, Jr., instituted suit in the district court of Brazoria county, being cause No. 10,662, suing H. Masterson and others to recover these two tracts of land. In her petition, which was sworn to by her, she alleged that B. L. Johnson, Jr., was the owner of said land in fee simple, by virtue of the deed of December 8, 1908, and that since the death of B. L. Johnson, Sr., she had rented said lands as the mother of B. L. Johnson, Jr., for his use and benefit. In this suit she was represented by defendant John B. Warren as attorney, who appears to have had full and complete control and direction of the litigation. Two days after the institution of this suit—that is, on June 26, 1913—Amanda Whitfield and B. L. Johnson, Jr., executed a deed to Warren & Simmons for a one-half interest in these lands, it being intended as a fee for services. Later, Simmons conveyed his interest to Warren. The deed to Warren & Simmons was not filed for record until February 4, 1916.

In this cause No. 10,662 H. Masterson filed his cross-action against B. L. Johnson, Jr., claiming that if the title to the land was really in Johnson he was entitled to a foreclosure of his several mortgage liens. Judgment was rendered by the trial court in this cause February 9, 1915. As finally determined by the Court of Civil Appeals (see 193 S. W. 201), the title to the land was decreed to be in B. L. Johnson, Jr., but judgment

was rendered in favor of H. Masterson for the amount of his notes, aggregating $9,751, and the liens were foreclosed on the lands. While the title to the land was held to have passed from B. L. Johnson, Sr., to B. L. Johnson, Jr., by the deed dated December 8, 1908, yet it was further held that the holders of the mortgage liens under B. L. Johnson, Sr., had no notice of said conveyance. Under proper order of sale the lands were sold to H. Masterson, who in turn conveyed them to plaintiff herein, George H. Bingham. The title asserted by plaintiff is under this foreclosure sale.

In said cause No. 10,662 John B. Warren was appointed guardian ad litem for B. L. Johnson, Jr., as to the cross-action by Masterson, and for such minor he adopted the pleading filed by Amanda Whitfield as next friend, which pleadings were prepared by him.

The present suit was instituted March 22, 1919. It was tried September 10, 1921, and the court instructed a verdict in favor of plaintiff for the title to the land. Upon findings of a jury judgment was also rendered in favor of plaintiff for $1,588.75 for the value of the rent of said lands, said judgment being against the United States Fidelity & Guaranty Company as surety on a replevy bond, and against all of the defendants jointly and severally. This judgment was in all things affirmed by the Court of Civil Appeals. 251 S. W. 529.

The evidence shows that B. L. Johnson, Sr., was a white man, and Amanda Whitfield a negro woman. For some years prior to 1908, and up to about the time of Johnson's death, they carried on illicit relations, and B. L. Johnson, Jr., Marie Johnson, Johnie Johnson, Frederick Douglas Johnson, and Bud Johnson were born to them as a result of such relations. The evidence is conflicting as to just how much of the time they were actually living together.

The claim of Amanda Whitfield Laury in this suit is based on the contention that the two tracts of land were acquired by the joint labor, service, and means of herself and B. L. Johnson, Sr., under an agreement that it should become common property, and she is claiming the equitable title to an undivided one-half interest in said lands. She also claimed title under the 10 years' statute of limitation.

[1] The Court of Civil Appeals has held that by reason of the position taken by the said Amanda Whitfield Laury in cause No. 10,662, brought by her as next friend for B. L. Johnson, Jr., she was estopped to claim title to the land in controversy in this suit, even if she originally had an equitable interest. In petition for writ of error she has made no assignment of error complaining of the action of the court in this regard. This holding goes to the foundation of her

right to recover, and she is therefore no longer before the court except as complaining of the judgment as to rents.

The claim of the minor defendants is based upon the contention that the deed of gift by B. L. Johnson, Sr., to B. L. Johnson, Jr., was intended for the use and benefit of Amanda Whitfield and all of the children; and that, therefore, B. L. Johnson, Jr., held the legal title to the land impressed with a parol trust in favor of his brothers and sisters. The Court of Civil Appeals has held that the evidence was insufficient to engraft a parol trust in favor of the minors upon the deed in question, and therefore these minors were not entitled to recover. In petition for writ of error no assignment has been made complaining of this holding of the court. As this holding defeats the right of these defendants to recover any interest in the land, they are no longer before the court, except as to that part of the judgment pertaining to rents.

The Court of Civil Appeals has held that as to B. L. Johnson, Jr., the judgment in cause No. 10,662 is res adjudicata as to all questions presented by him in this suit touching his right to recover any interest in the land. No error has been assigned to this holding of the court, and he is therefore no longer before the court, except as to that part of the judgment pertaining to rents.

[2, 3] As to the title to the lands involved, defendant John B. Warren is the only one who has made appropriate assignments of error presenting questions concerning this phase of the case. He is claiming through the deed by Amanda Whitfield and B. L. Johnson, Jr., executed June 26, 1913. As pointed out above, it was held, in the case of Johnson v. Masterson, that the title of B. L. Johnson, Jr., was subject to the mortgage liens given by B. L. Johnson, Sr., and of course the title which Warren received from B. L. Johnson, Jr., was alike subject to such mortgages, in view of the holding by the Court of Civil Appeals that there was no evidence raising the issue as to notice of title in Warren or Amanda Whitfield. Without discussing the facts as to the possession by Amanda Whitfield, which it is claimed was sufficient to give notice to Masterson and the mortgagees under whom he held, we will state that in our opinion the Court of Civil Appeals has correctly settled all questions upon this phase of the case.

[4] However, upon a well-recognized principle of law, regardless of other questions, it is evident that the judgment in cause 10,-662 is conclusive as to the title which Warren is now attempting to assert. As attorney for Amanda Whitfield and guardian ad litem for B. L. Johnson, Jr., he had full control and direction of the suit. He was privileged to assert every defense and right necessary to defeat the claim of Masterson and establish the title he is now claiming which he could have asserted if he had been a party to the suit. He states that he prosecuted and defended the suit in the name of B. L. Johnson, Jr., for the reason that as holder of the legal title Johnson could recover for all parties. It is therefore manifest that he chose to litigate his own title under Johnson's name as party to the suit. An attorney, having an interest in the subject-matter of the litigation, who conducts and controls the trial or defense of the case, will be bound by the judgment the same as if he were a formal party to the suit. This is so conclusively established by the following authorities that no further comment is necessary: Houston Oil Co. v. Village Mills Co. (Tex. Com. App.) 241 S. W. 122; Bell v. George, 275 Mo. 17, 204 S. W. 516; Parsons v. Urie, 104 Md. 238, 64 Atl. 927, 8 L. R. A. (N. S.) 559, 10 Ann. Cas. 278; Kaye et al. v. Louisville (Ky.) 14 S. W. 679; Champlin v. Butler, 124 Ill. App. 41; Plumb v. Goodnow, 123 U. S. 560, 8 Sup. Ct. 216, 31 L. Ed. 268; Leahy v. Mercantile Trust Co., 296 Mo. 561, 247 S. W. 404; Amburgey v. Adams, 196 Ky. 646, 245 S. W. 514.

[5] Defendants strongly insist that the trial court erred in rendering a joint judgment against them for the value of the rents upon the land, as found by the jury, for the years 1919, 1920, and 1921. In his pleadings defendant Warren asserted title to an undivided one-half interest in the lands, but did not disclaim as to the other one-half. The other defendants claimed title to an undivided one-half interest. Warren testified that since he obtained deed to the land in 1913 he had been in possession of it each and every year by his tenants. Amanda Whitfield Laury testified that she had been living on the land and claiming it for a number of years, and also had tenants on it. We have been unable to find any evidence in the record indicating what proportion of the rents were collected by Warren or by the other parties, or in what manner they used the land, whether jointly or separately. It is very evident that, as between themselves, the defendants were exercising a joint possession; that is, each recognized the possession of the other as consistent with joint ownership. Warren was claiming through Amanda Whitfield and B. L. Johnson, Jr., and all of them relied upon the same state of facts as a basis for title. During all the litigation the defendants have made a common fight. The evidence amply justifies a finding that, in the trespass upon the land, the defendants were acting jointly and in concert. It will be presumed that the trial court made such finding, as the issue was clearly raised by motion to enter judgment. We therefore conclude that there was no error in rendering a joint and several judgment for rentals.

We have had occasion to thoroughly study every question presented in the Court of Civil

Appeals in behalf of all parties, and are clearly convinced that the judgment of that court is correct.

We therefore recommend that the judgment of the Court of Civil Appeals and of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.