SAMUEL WILLIAMS, for use, etc.

v.

THE WEST CHICAGO STREET RAILROAD COMPANY *et al.*

*Opinion filed October 25, 1902.*

1. ASSIGNMENTS—*what does not render assignment of judgment invalid.* That an assignment of judgment is prepared, signed and acknowledged, as matter of convenience, before final judgment is entered does not render it invalid.

2. SAME—*if assignment is binding on assignor it is binding upon garnisheeing creditors.* If an assignment of a judgment is binding upon the assignor it is binding upon his garnisheeing creditors, unless impeached for fraud.

3. GANISHMENT—*effect where notice of assignment is not given until after service of garnishee summons.* That the party against whom a judgment was rendered was not notified of the assignment of the judgment until after the service of a garnishee summons does not defeat the assignment.

4. SAME—*evidence of circumstances under which assignment of judgment was made is proper.* In a garnishment proceeding to reach the proceeds of a judgment which has been assigned, evidence of the circumstances under which the assignment was made is admissible to show it was made in good faith.

5. SAME—*when claim will be protected against garnisheeing creditors.* If an assignment of a judgment is made, first, to secure attorney's fees, and second, to pay the claim of a particular creditor, the assignment becomes binding upon the assignor as soon as the particular creditor accepts the assignment, and his claim will be protected against garnisheeing creditors of the assignor.

*Williams* v. *West Chicago Street R. R. Co.* 101 Ill. App. 291, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

This is a garnishment proceeding commenced by John and William G. Oliver in the circuit court of Cook county, as judgment creditors of Samuel Williams, to reach the amount of a judgment of $3000 which Williams had recovered in an action on the case for a personal injury,

against the West Chicago Street Railroad Company. The company, and R. M. Wing and George S. Williams, who claim to be the assignees of said judgment, were served as garnishees. A trial was had before the court without a jury, and a judgment was entered discharging the garnishees, which judgment has been affirmed by the Appellate Court, and a further appeal has been prosecuted by John and William G. Oliver to this court.

There is but little, if any, conflict in the evidence, from which it appears that in the month of July, 1895, John and William G. Oliver recovered a judgment against Samuel Williams in the circuit court of Cook county for $1814.88, upon which an execution was issued and returned "no property found." In the month of March, 1896, Samuel Williams was injured by the West Chicago Street Railroad Company, and in the month of April following, employed the law firm of Wing, Chadbourne & Leach to bring a suit against the company for damages. An agreement in writing was entered into, whereby Williams agreed his attorneys should have and retain one-half of the amount recovered in said action, for their services. A trial was had, and on October 16, 1897, a verdict was rendered in favor of Williams, against the company, for $4500. A motion for a new trial was made by the company, and on the argument thereof the judge stated in his opinion the verdict was too large, and that he would grant a new trial unless the plaintiff would remit $1500 thereof. On the morning of October 26, 1897, Samuel Williams, by appointment, went to the office of Wing, Chadbourne & Leach, and after consulting with his attorneys concluded to consent to a *remittitur* of $1500 and to take judgment on the verdict for $3000. Mr. Wing then stated to him he wanted the judgment assigned to him to secure the fees of his firm. Williams agreed to assign the judgment to Wing to secure the fees of his firm, and stated he was owing his son, George S. Williams, and that he wanted Wing to hold the balance of

the judgment for his benefit. Wing instructed Leach to prepare an assignment of the judgment to him, and stated that he would hold the same for the benefit of Wing, Chadbourne & Leach to secure their fees and the balance to secure the claim of George S. Williams, and the following assignment was prepared and signed and acknowledged by Samuel Williams:

"This indenture, made the 26th day of October, 1897, between Samuel Williams of the first part and R. M. Wing of the second part:

"*Witnesseth:* Whereas, the said party of the first part, on the 26th day of October, 1897, recovered a judgment in the superior court of Cook county, Illinois, general No. 173,826, against West Chicago Street Railroad Company for three thousand ($3000) dollars and costs of suit, as will by the record thereof more fully appear:

"Now, this indenture witnesseth, that the said party of the first part, in consideration of three thousand ($3000) dollars to him duly paid before the sealing and delivery of these presents, (the receipt whereof is hereby acknowledged,) has sold, assigned, transferred and set over, and by these presents does sell, assign, transfer and set over, unto the said party of the second part and his assigns, the said judgment, and any and all sum and sums of money that may be had or obtained by means thereof, or on any proceedings to be had thereupon. And the said party of the first part does hereby constitute and appoint the said party of the second part, and his executors, administrators and assigns, his true and lawful attorney, irrevocable, with power of substitution and revocation, for him and in his name and in the name and names of his executors and administrators, but for the sole use and benefit of the said party of the second part, and at his own costs and charges, to ask, demand and receive, and to sue out executions and other writs, and take all lawful ways for the recovery of the money due or to become due on the said judgment, and on payment to acknowl-

edge satisfaction or discharge the same; and attorneys, one or more, under him, for the purpose aforesaid, to make and substitute, and the same at pleasure again to revoke, hereby ratifying and confirming all that his said attorney or substitute shall lawfully do in the premises. And the said party of the first part does covenant that there is now due on the said judgment the sum of three thousand ($3000) dollars, and that he will not collect or receive the same, or any part thereof, nor release or discharge the said judgment, but will own and allow all lawful proceedings therein, the said party of the second part saving the said party of the first part harmless of and from any costs and charges in the premises.

"This assignment is made and executed in duplicate.

SAMUEL WILLIAMS.    [Seal.]

Sealed and delivered in the presence of

EMILY M. WILLIAMS, HOWARD E. LEACH."

After the assignment was completed, Leach called up George S. Williams by telephone and informed him of the arrangement, which he replied was satisfactory to him. Leach then went to the court room of Judge Stein, before whom the motion for a new trial was pending, called up the case, filed a *remittitur* of $1500, and judgment was entered on the verdict for $3000. He then went to the office of the clerk of the circuit court and filed the assignment. On his return to his office he was notified by his clerk that George S. Williams had telephoned the office that he wanted Samuel Williams to make an assignment of one-half of the judgment direct to him. Samuel Williams then being in the office, Leach prepared an assignment of one-half of the judgment from Samuel to George S. Williams, subject to the assignment to Wing. Samuel Williams signed and acknowledged the same and delivered it to Leach for George S. Williams. Leach notified George S. Williams by telephone that the assignment had been made. George S. Williams testified he received such notice by telephone at 10:20 of the morn-

ing upon which the judgment was entered. On the 28th day of October, Wing notified the company of said assignments. The attorney of the Olivers had been watching the proceedings in the Williams case with a view to garnishee the company so soon as judgment was entered, and was present in court at the time the judgment was entered and immediately proceeded to take out a garnishee summons, and the same was served upon the company, as Mr. Oliver testifies, at 10:27 of the morning upon which the judgment was entered.

E. A. ABORN, (H. T. HELM, of counsel,) for appellants.

WING & CHADBOURNE, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

It is contended that the assignment to Wing having been made before judgment was entered, it is absolutely void. It was held in *North Chicago Street Railroad Co.* v. *Ackley*, 171 Ill. 100, that a cause of action arising from an injury to the person cannot be assigned, and it seems well settled (*Rice* v. *Stone*, 1 Allen, 566; *Hunt* v. *Conrad*, 47 Minn. 557;) that an assignment of the right to recover damages for a personal injury is not valid, even after verdict, if before judgment. We think, however, it apparent that the assignment to Wing was not intended to take effect until after judgment was entered, and that it is valid at least to the extent of the claim of his firm. True it is, the assignment was prepared, signed and acknowledged before the judgment was entered. This, however, was but a mere matter of convenience. The assignment does not purport upon its face to be an assignment of the cause of action or the verdict, but is an assignment of the judgment. The assignment was taken by Leach to the court room, and after the judgment was entered, and before the garnishee summons was served on the company, it was filed with the clerk of the court.

It seems clear it was not the intention of the parties that it should become effective until after the judgment was entered. If it was a good assignment as to Williams it was good as to the Olivers, unless impeached for fraud. If Samuel Williams was not in a position to question the assignment and is bound thereby the Olivers are also bound, for if they recover at all it must be upon the theory that Samuel Williams had not assigned the judgment, as a recovery must be had in his name for their use. (*Richardson* v. *Lester*, 83 Ill. 55.) The assignment being good as to the claim of Wing, Chadbourne & Leach, we see no reason why it is not good as to the claim of George S. Williams. It was made to Wing in part to secure his claim. He was immediately notified thereof and replied he was satisfied with the arrangement. So soon as he accepted the assignment to Wing for his benefit it was binding upon Samuel Williams, and if binding upon Samuel Williams it is binding upon the garnisheeing creditors. If the assignment to Wing is a valid assignment of all of the interest of Samuel Williams, for the benefit, first, of Wing, Chadbourne & Leach, and then of George S. Williams, it becomes immaterial whether the second assignment made to George S. Williams was delivered prior to the service of the garnishee summons upon the company, as the claim of George S. Williams will be protected under the assignment to Wing. The fact that the company was not notified that the judgment had been assigned until after the service of the garnishee summons will not defeat the assignment. *Knight* v. *Griffey*, 161 Ill. 85.

It is further contended that the circuit court erred in refusing to hold as the law of the case certain propositions submitted by the appellants, and that it erred in admitting the evidence of Williams, Leach and Wing showing the circumstances under which the assignments were made. We do not agree with this contention. The propositions submitted were all unsound and are in con-

flict with the views herein expressed, and the evidence was proper to show that the assignments were made in good faith.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*