C. Jane Nelson, Plaintiff-Appellee, *v.* Theodore Folegstrom *et al.*,
Defendants-Appellants.

(No. 71-195;

Third District—June 8, 1972.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe, A. Zola Groves, and Samuel E. Hirsch, Assistant Attorneys General, of counsel,) for appellants.

Wendel R. Swan, of Moline, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order denying a lien of the Department of Public Aid.

In 1941 the plaintiff conveyed a modest dwelling by a deed in trust to certain trustees who simultaneously executed a trust agreement. The stated purpose of the trust agreement was to provide a home for the grandparents of the grantor during their lives and thereafter to provide for Esther Fogelstrom, an aunt of the grantor who resided with the grandparents the trustees might encumber, rent or sell as in their discretion they might determine and if the said real estate was rented or sold, *the income* should be used solely for the support and maintenance of Esther and if mortgaged the proceeds from the mortgage should *likewise be used* for the sole benefit of Esther. (Italics ours).

After the death of the grandparents the property was used solely as the residence of Esther until her death. In 1952 she became a recipient of Old Age Assistance and continued to draw assistance until her death in 1969. The Department of Public Aid filed a Notice of Lien pursuant to Ill. Rev. Stat. 1967, ch. 23, sec. 3—10.

Plaintiff brought this action to have the trust declared terminated, to determine her interest and to have the lien declared void. The Department cross-complained alleging the trustees were derelict in their duties and should have sold the property. After a hearing the trial court entered judgment in favor of plaintiff, ordered that the Notice of Lien be declared invalid and that title be vested in plaintiff by reason of her reversionary interest. The Department has appealed from that order.

The first question to be determined is whether the State has a lien. Sec. 3—10 of the Public Aid Code provides, "* * * the State shall have a lien upon all legal and equitable interests of recipients in real property * * *."

The deed in trust provided, "The interest of each and every beneficiary hereunder, and of all persons claiming under them, or any of them, shall only be in the earnings, avails and proceeds arising from the sale or other disposition of said real estate and such interest is hereby declared to be personal property, and no beneficiary hereunder shall have any title or interest, legal or equitable in or to said real estate as such, but only an interest in the earnings, avails and proceeds thereof, as aforesaid."

■■ Whether the interest of a beneficiary is an interest in real property or in personal property depends upon the provisions of the trust instrument. The language employed by the draftsman of the instant deed was then and now is the exact language in use in the customary form Illinois land trust. The interest of the beneficiary was personal property only and not real estate. (*Chicago Title & Trust Co. v. Mercantile Bank*, 300 Ill.App. 329.) It therefore follows that since the beneficiary had no title or interest in the real estate either legal or equitable, the statutory lien could not attach to the real estate. *Chicago Federal Savings and Loan Assn. v. Cacciatore*, 33 Ill.App.2d 131, aff'd 25 Ill.2d 535; See Garrett, Land Trusts (Chicago Title & Trust Company pamphlet).

Having found that the lien did not attach to the real estate at all we must next examine the appellant's contention that the trustees were derelict in their duties and should have sold the property during the lifetime of the beneficiary.

■■ The trial court found, and we agree, that neither the facts nor the cases cited support such a contention. The obvious intent of the settlor was to provide a home for her aunt. This was done. The trust provided "* * * we, as Trustees, in our own discretion, shall determine whether or not, * * * the real estate shall be mortgaged, sold, or rented, whichever may, in our opinion, be the most advisable for the benefit of the said Esther Fogelstrom".

■■ Where discretion is granted to a trustee his decisions will be conclusive in the absence of fraud, bad faith, or abuse of discretion. *Continental National Bank v. Sever*, 393 Ill. 81.

■■■ The last argument of appellant is that the Department has some sort of an equitable charge or lien on the reversion. No case is cited. The essential elements of an equitable lien include a debt, duty, or obligation owing by one person to another, and *a res to which that obligation fastens;* identified or described with reasonable certainty. (25 I.L.P. Liens, Sec. 4.) After the death of Esther there was no *res* to support a lien. Further, 81 C.J.S. Social Security and Public Welfare, Sec. 31 says, "Statutory provisions relating to the creation and satisfaction of the lien are controlling; and it is only pursuant to statutory provisions that the authorities may have a lien for assistance furnished."

■■ "Neither a common law lien or an equitable lien is acquired by reason of giving old age assistance so any lien must be established by statute." *Camden County Welfare Board v. Federal Deposit Ins. Corp.*, 62 A.2d 416, 1 N.J. Super. 532; *City of Cambridge v. Commissioner of Public Welfare* (Mass.) 257 N.E.2d 782; *County Board of Supvr's of Platt County v. Breese*, 105 N.W.2d 478, 171 Neb. 37; *Bergen County Welfare Bd. v. Gross*, 233 A.2d 389; 96 N.J. Super 472; *State ex rel. Niel-*

son v. Lindstrom, 68 Idaho 226, 191 P2d 1009; *Scobey v. Fair*, 70 Ohio App. 51, 45 N.E.2d 139 (in absence of fraud, accident or mistake.) Annotation: 29 A.L.R.2d 733.

The reasoning of the cases was succinctly stated in *Worcester v. Quinn*, (Mass.), 23 N.E.2d 463, 125 A.L.R. on page 709. "The payments were authorized by the statute and were not made in pursuance of any contract between the parties. Their receipt by the defendant—who the city does not contend was not entitled to the benefits of the statute at the time the payments were made—did not impose on her any present obligation to reimburse the city. Such payments did not create the relationship of creditor and debtor. They were made for personal use and assistance and were to be expended by her for her immediate needs and necessary expenses. In the absence of a statutory provision there was no enforcible obligation * * *."

The judgment of the trial court is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.