NATIONAL BANK OF ALBANY PARK IN CHICAGO, Plaintiff-Appellee, v. PAUL K. NEWBERG, Defendant-Appellee, and FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Garnishee-Appellee,—(EUGENE F. WELTER, Intervenor-Appellee, and CITIZENS BANK & TRUST COMPANY, Intervenor-Appellant.)

(No. 56055;

First District—September 15, 1972.

860

Warren L. Swanson and Donald C. Dowling, both of Chicago, for appellant.

Samuel Morgan and Arnold J. Karzov, both of Chicago, for appellee.

Eugene F. Welter, of Chicago, for intervenor-appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Citizens Bank & Trust Company (hereafter Citizens) appeals from a final order entered on March 3, 1971, in a garnishment proceeding wherein the court awarded $14,523.33 to plaintiff-garnisher, National Bank of Albany Park (hereafter Albany), and $17,003.28 to attorney Eugene Welter. An interim order of December 15, 1970, had awarded an additional $18,173.39 to Welter. Citizens and Welter were intervenors in the garnishment proceeding. Federal Savings and Loan Insurance Corporation (hereafter FSLIC) as the garnishee has taken no position in this case and has not appeared in this court.

On appeal Citizens contests the propriety of the final awards to both Albany and Welter; no issue is raised as to the interim order. Also, Albany contends that if we should find the final award to Welter erroneous, it is entitled to said fund.

The facts are esssentially undisputed.

Citizens Bank became a judgment creditor of Paul Newberg for $687,247.13 on August 31, 1965. Later in 1965 supplementary proceedings to discover assets of Newberg were begun and after various extensions occurred culminated in a final order of June 26, 1969, which will be set forth in relevant part shortly hereafter.

Meanwhile Albany recovered a judgment against Newberg for $127,349.21 on January 20, 1966.

Eugene Welter entered into a contract with Newberg dated April 19, 1966. It provided that Welter represent Newberg in various pending actions in which Newberg was a defendant; payment was to be on an hourly basis. It further provided that Welter represent Newberg as plaintiff in certain other pending actions. As to these actions Welter was to receive one-third of the proceeds plus expenses.

On August 8, 1967, Newberg assigned to Welter all his rights and interests in two actions in which Newberg was plaintiff (No. 66 L 10473, a Cook County case, and No. 66 C 1222, a Federal district case) as security for legal charges made and to be made.

The final order of June 26, 1969, in Citizens' supplementary proceedings to discover assets of Newberg, referred to above, reads in relevant part as follows:

"IT IS HEREBY ORDERED * * *:

(1) That there be delivered or paid to [Citizens] * * *, Plaintiff-Judgment Creditor, the proceeds (exclusive of attorneys' fees, costs and expenses as allowed in paragraph (2) of this order) which said Paul K. Newberg and/or Paula Newberg are in possession or of which they may come in possession by reason of settlements arising out of or judgments entered in connection with any causes of action or claims which * * * [the Newbergs] * * *, have or may in the future acquire, described as follows: * * *

(c) Any causes of action or claims set forth which may hereafter be set forth in a certain Complaint pending in the Circuit Court of Cook County * * * bearing No. 66L-10473; and

(d) Any causes of action or claims set forth which may hereafter be set forth in a certain Complaint pending in the United States District Court, Northern District of Illinois, Eastern Division, * * * bearing No. 69C 1043;

(2) There shall be deducted from the proceeds paid to and to be paid to CITIZEN'S BANK & TRUST COMPANY, one-third (⅓) of the gross proceeds and of any other items of value obtained from any of the foregoing described sources or by reason of any of the foregoing described claims or causes of action for payment to EUGENE F. WELTER, for attorney fees in accordance with a contract of employment between said PAUL K. NEWBERG and said EUGENE F. WELTER, and which payment is secured by an assignment of his interest in said cause or causes of action by PAUL K. NEWBERG to EUGENE F. WELTER. In addition, there shall be deducted from said described proceeds the amount of reasonable costs and expenses incurred or advanced by said EUGENE F. WELTER in the prosecution of the foregoing claims or causes of action.

(3) PAUL K. NEWBERG be and is hereby ordered to assign and turn over to CITIZEN'S BANK & TRUST COMPANY, or at the direction of said CITIZEN'S BANK & TRUST COMPANY, any proceeds due personally to him from the claims or causes of

action above set forth immediately upon his receipt thereof. * * *"

The order was approved by both parties, and Welter signed it as attorney for the Newbergs.

On November 9, 1970, Albany served a garnishment summons (instituting the subject proceedings) on garnishee FLSIC. An attached affidavit noted the unsatisfied judgment against Newberg for $127,349.21 and further stated Albany's belief that FSLIC was in possession of property in which the Newbergs had an interest.

On November 30 FSLIC answered, acknowledging that it possessed a check (issued November 18, 1970) for $50,000 payable to Newberg and Welter, said check being consideration for the release of claims asserted by Newberg against WSLIC in the Circuit Court of Cook County (66 L 10473) and Federal District Court for the Northern District of Illinois (69 C 1043); that Welter had acted as Newberg's attorney in these matters; that settlement thereof had been reached before service of the garnishment summons; that the terms of the settlement called for Newberg to execute a release of all claims against FSLIC in return for $50,000; that before service of the garnishment summons Newberg had executed said release but FSLIC had not paid the $50,000 to Newberg; and that also before service of the garnishment summons FSLIC had received a notice of attorney's lien and notice of assignment of said claims from Welter.[1]

In Citizens' initial pleading it prayed for the sum of $31,826.61, representing the settlement proceeds ($50,000) less one-third thereof less expenses incurred in procuring the settlement, the latter two sums to be given to Welter.

In Albany's answer to Welter's petition to intervene, it prayed for $50,000 less such sum as the court determined was due Welter.

On December 15, 1970, the court ordered the $50,000 check held by FSLIC to be endorsed by Newberg and Welter; Welter was to pay himself $18,173.39 (representing one-third of the proceeds of the settlement of 66 C 1043 and 69 L 10479 plus expenses), pay $300 to FSLIC for attorney's fees and pay the remaining $31,526.61 to the clerk of the court subject to further order.

On March 3, 1971, after a hearing, the court entered a final order stating that Albany was entitled to the remaining funds, subject only to the rights of Welter who was to be reimbursed for work done in regard to other matters pursuant to his contract of employment with New-

---

[1] Copies of Welter's lien and assignment were said to be attached to the answer. However, they are not in the record.

berg. The clerk was therefore directed to pay $17,003.28 to Welter and the balance of $14,523.33 to Albany. This is the order from which Citizens as intervenor has filed this appeal.

*Opinion*

Attorney Welter has challenged on two grounds the efficacy of the order of June 29, 1969, entered in Citizens' supplementary proceedings to discover Newberg's assets. We first address these contentions because Citizens' claim to funds held by FSLIC is based upon said order, and it is relevant to the latter portion of this opinion dealing with the propriety of the court's award of $17,003.28 to Welter.

■■ Welter first contends that the asset discovered in the supplementary proceedings, "an unliquidated claim against FSLIC," could not properly be reached in such proceedings under Section 73 of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 73.) We find it unnecessary to respond to the merits of this contention since even if it were correct the order would nevertheless be operative if the court had jurisdiction over the subject matter and parties. Final orders in supplementary proceedings under Section 73 are appealable (Ill. Rev. Stat. 1969, ch. 110, par. 73(7)), and an appeal from that order would have been the appropriate action to determine its propriety. The issue cannot be raised at this time. *Cheevers v. Stone,* 10 Ill.App.2d 39, 134 N.E.2d 32.

■■ Welter's second contention does attack the court's jurisdiction to enter the order. The issue of jurisdiction is subject to collateral attack (*Barnard v. Michael,* 392 Ill. 130, 63 N.E.2d 858), and therefore we must address the merits of this contention.

Supreme Court Rule 277(f) (Ill. Rev. Stat. 1967, ch. 110A, par. 277(f)), which governs the procedural aspect of supplementary proceedings under Section 73 of the Civil Practice Act provides:

> "A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment or decree, but terminates automatically six months from the date of service of the citation by which it is commenced. The court, however, may grant successive 28 day extensions beyond the six months. Orders for the payment of money continue in effect notwithstanding the termination of the proceeding until the judgment is satisfied or the court orders otherwise."

In the instant case the six month period for conducting supplementary proceedings expired early in 1966. Thereafter many extensions were granted to Citizens until the entry of the final order in June 1969. Some of these extensions were beyond 30 days. Welter argues that this violation of Rule 277(f) terminated the proceedings and thus the order was null and void when entered.

■■ We deem it sufficient to say that we have reviewed the court file of the supplementary proceedings and found that any extensions greater than 30 days did not constitute harassment of the judgment debtor, the prevention of which is the purpose of Rule 277(f). (*Celano v. Frederick,* 54 Ill.App.2d 393, 203 N.E.2d 774.) One extension complained of was entered by agreement of both parties; other extensions complained of were entered prior to this agreed extension; the issue of harassment was apparently never raised during the supplementary proceedings; and the final order was signed with approval by Welter as attorney for the Newbergs. In *Levine v. Pascal,* 94 Ill.App.2d 43, 236 N.E.2d 425, while discussing the issue presented here at page 59, the court stated:

> "While rules of court are to be obeyed, 'unswerving obedience' is not demanded where no material harm is done to any litigant. [Citation omitted.] As far back as 1906 we have held, 'Even when the court acts contrary to its rules, this will not be ground for reversal, unless it is apparent that injustice has been done.' [Citation omitted.]"

No injustice was done by the several extensions beyond 30 days and the court had jurisdiction when the final order was entered on June 29, 1969.

On appeal Citizens first contends that under the order of June 29, 1969, it had priority, as opposed to Albany whose judgment and supplementary garnishment proceedings were both subsequent to Citizens' in point of time. Here we are dealing with the propriety of the court's award of $14,523.33 to Albany.

■■■ When the garnishment summons was served on FSLIC on November 9, 1970, said company was indebted to Newberg for $50,000 under a settlement agreement. Service of the garnishment summons created a lien on this indebtedness in favor of Albany. (Ill. Rev. Stat. 1969, ch. 62, par. 39.) Citizens' claim to a priority over this lien rests on the premise that the order of June 29, 1969, had operated as an assignment from Newberg to Citizens of any potential proceeds of the claims described therein and that a prior assignment of an asset takes priority over a subsequent garnishment thereof. With this general proposition of law we agree. (See *Williams v. West Chicago St. R.R. Co.,* 199 Ill. 57, 64 N.E. 1024.) However, the order, in itself, was not an assignment of any proceeds that might come due under a subsequent settlement or judgment. The language of the order clearly contemplated the actual acquisition of possession of certain funds to be followed by immediate assignment thereof:

> "It is hereby ordered * * *:
> (1) That there be delivered or paid to [Citizens] * * *, the

proceeds \* \* \* which said Paul. K. Newberg and/or Paula Newberg *are in possession or of which they may come in possession* by reason \* \* \* [of any ensuing settlement]. · \* \* \* (3) Paul K. Newberg be and is hereby ordered to assign \* \* \* [to Citizens] \* \* \* any proceeds due personally to him \* \* \* *immediately upon his receipt thereof."* (Emphasis supplied.)

■■■ Garnishment proceedings are equitable in nature (see *Kilgore v. State Bank of Colusa,* 372 Ill. 578, 25 N.E.2d 39), yet the above order still fails to fall within the liberal definition of an equitable assignment, *i.e.,* one which will be recognized in a court of equity although disregarded at law. In describing an equitable assignment in 6 Am. Jur. 2d Sec. 83, p. 265, it is stated:

"There should be such an actual or constructive ·appropriation of the subject matter as to confer a complete and present right on the party meant to be provided for, even where the circumstances do not admit of its immediate exercise, and the question of what constitutes a present appropriation sufficient to create an equitable assignment is one of intention to be gathered from a consideration of the language used, in the light of the attendant circumstances. The assignor must not retain any control over the fund, any authority to collect, or any. power of revocation."

The order, characterized by Citizens as an assignment, did not contemplate the present transfer of a fund from Newberg to Citizens. Rather, it clearly contemplated a future assignment of the proceeds of any settlement once Newberg came into possession thereof. See *Hibernian Banking Assn. v. Davis,* 295 Ill. 537, 129 N.E. 540; *Estate of Thikoll,* 12 Ill.App.2d 474, 139 N.E.2d 824 (abst.); see also *Kilgore v. State Bank of Colusa, supra.*

Citizens has cited *Celano v. Frederick,* 54 Ill.App.2d 393, 203 N.E.2d 774, and argues that the order entered in·the supplementary proceedings discussed therein is analogous to the·June 29, 1969, order here. We first note that *Celano* did not deal with the legal effect of the order there and thus is ·not supportive of Citizens' position. Moreover, the order in *Celano* was quite· different from that presented here. It was directed at the "potential garnishee" (the party in the analogous position to FSLIC) who was a party to the supplementary proceedings. In the instant·case FSLIC was not a party to the supplementary proceedings when the final order was entered; it had been dismissed on February 1, 1968. So far as it concerns present issues, the order in this case was directed only at the judgment debtor Newberg and required him to act only as soon as certain proceeds might come into his possession.

Since it became clear on oral argument that the order referred to

Citizens' right to any proceeds that Newberg had or would come into "possession" of, Citizens was granted leave to file a supplementary brief as to whether Newberg had "constructive possession" of the settlement proceeds when the garnishment summons was served on FSLIC.[2] In its supplementary brief Citizens states:

> "The proceeds which Citizens claims consisted of a settlement check payable to Newberg and his attorney [Welter] which at the time [assumedly when the garnishment summons was served] had been prepared, signed by * * * FSLIC, and delivered to their attorneys, * * *, for transmittal to Newberg."

Citizens goes on to phrase the issue for review as follows:

> "When the settlement check was given to the FSLIC agents [attorneys] with the intention and instructions to turn it over to the Newbergs, was it then in their [the Newbergs] 'Possession' or were they 'in Receipt' of the check?"

The record does not bear out the alleged facts upon which Citizens' argument is premised. To the contrary, when the garnishment summons was served on FSLIC on November 9, 1970, the check payable to Newberg and Welter had not been issued. It was issued on November 18. There is simply no evidence in the record or statements in the pleadings supportive of Citizens' claim.

■■ We conclude that Albany's claim to the fund had priority over that of Citizens'.

The final issue on appeal is the propriety of the court's final award of $17,003.28 to attorney Welter. This sum represented, as stated in the final order, money due Welter under his contract of employment with Newberg (the terms of which were set forth at the outset of this opinion).

■■ We believe the court erred in awarding Welter this sum. At issue before the court were the respective rights of the garnisher Albany and intervenors Welter and Citizens in the $50,000 held by garnishee FSLIC. In the order of June 29, 1969, in the supplementary proceedings, Welter was allowed one-third of this sum plus expenses. That order stated that said amount "was *in accordance with a contract of employment between said Paul K. Newberg and said Eugene Welter,* and which payment is secured by an assignment of his interest in said cause or causes of action by PAUL K. NEWBERG to EUGENE F. WELTER." The order was signed by Welter as attorney for the Newbergs.

---

[2] We also requested that Citizens additionally brief the issue of whether Newberg was still indebted to Citizens when the garnishment summons was served. Attorney Welter had placed this in issue in the trial court and no evidence was adduced thereto at the hearing. Citizens failed to cover this issue in its supplementary brief.

Welter first contends that he was not a party to the supplementary proceedings and therefore is not bound by any actions taken therein. Although he was not a formal party to those proceedings, his interest in the $50,000 was adjudicated therein. He also conducted and directed the defense of Newberg. Under similar circumstances an attorney has been held to be a party although not formally named as such. See *Champlin v. Butler*, 124 Ill.App. 41; 1 Freeman on Judgments, Sec. 434 at 948.

Welter's position in the instant proceeding is inconsistent with the position he took in the prior supplementary proceedings. If he believed that under his contract with Newberg he was entitled to sums in addition to one-third of any proceeds plus expenses, he should have made this position known to the court. Rather than doing so he signed his name to an agreed order representing that the sum awarded him therein was *in accordance* with the terms of his contract with Newberg which sum was secured by an assignment from Newberg of his interest in the causes of action. His approval of the final order constituted a waiver of the right to collect more than one-third plus expenses *from the settlement proceeds.*[3]

■■ The principle of "waiver" will be recognized whenever a party intentionally relinquishes a known right or as in this case acts in such a manner to warrant an inference of such relinquishment. (*A-1 Cleaners & Dyers v. American M.L. Insurance Co.*, 307 Ill.App. 64, 73, 30 N.E.2d 87.) It is an equitable principle invoked to further the interests of justice. (*Kaluza v. North American Co.*, 110 Ill.App.2d 474, 249 N.E.2d 714.) The fact that Albany was not a party to the supplementary proceedings is not relevant since waiver (as distinguished from estoppel) depends upon what one himself does without regard to its effect upon the party benefiting from the waiver. See *Adam v. Columbian Nat. Life Insurance Co.*, 218 Ill.App. 54.

In conclusion, the portion of the order awarding $14,136.58 to Albany is affirmed; the portion awarding $17,003.33 to Welter is reversed and remanded with directions to enter judgment for said sum in favor of Albany.

Affirmed in part; reversed and remanded in part.

LORENZ, P. J., and ENGLISH, J., concur.

---

[3] Of course, he still may have a claim against Newberg.