In re Dennis L. KLECKNER, Debtor.

Joseph D. OLSEN, Trustee, Plaintiff,

v.

Roger T. RUSSELL, Defendant.

Bankruptcy No. 84 B 20824.
Adv. No. 84 A 2132.

United States Bankruptcy Court,
N.D. Illinois, W.D.

Jan. 13, 1988.

Joseph D. Olsen, Rockford, Ill., for plaintiff.

Roger T. Russell, Belvidere, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of Attorney Roger T. Russell (Defendant) to Reconsider the Court's Memorandum Opinion and Order of August 5, 1986 (Opinion). See *In re Kleckner*, 65 B.R. 433 (Bankr.N.D.Ill.1986). The Trustee, Attorney Joseph D. Olsen, represents himself. Attorney Roger T. Russell represents himself.

This Memorandum Opinion and Order shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The Trustee brought the present action pursuant to Section 547(b) of the Code, alleging that the Defendant received a preferential transfer when he deducted his contingent fee from the proceeds of a settlement check sent to him on behalf of his client, the Debtor of this Chapter 7 case. The Debtor filed bankruptcy within 90 days of the Defendant's action. The Defendant argued that he had a perfected attorney's lien in the proceeds. In the alternative, the Defendant argued that he had an equitable lien in the proceeds. In the Opinion, this Court found that the Defendant did not have a perfected attorney's lien in the proceeds, but did have an equitable lien in the proceeds. The Opinion went on to find that Illinois law requires some action to perfect an equitable lien, but that the Defendant took no such action, exposing his lien to subordination by subsequent judgment lien creditors. Upon the filing of the petition, the Trustee became such a judgment lien creditor under Section 544(a) of the Code and could avoid the Defendant's lien, leaving the Defendant an unsecured creditor. As such, the Defendant received more because of the transfer than he would in the Chapter 7 case.

The Defendant moves the Court to reconsider its ruling on the basis that the Court inappropriately applied and misapplied Section 544(a) of the Code. He argues that the Court inappropriately applied Section 544(a) because no action under Section 544 was brought by the Trustee and that the Court misapplied Section 544 in that Illinois law does not require some additional action to perfect an equitable lien.

The Complaint, filed by the Trustee, sounds in, and explicitly cites, Section 547 of the Code. In the Motions For Summary Judgment, the parties submitted an agreed set of facts and placed into issue Section 547(b)(5), whether the Defendant received more as a result of the transfer than he would have in the Chapter 7 case. The Defendant claimed that he did not because he held a perfected security interest in the proceeds. The Trustee argued that the Defendant did not, but did not specifically raise Section 544(a). The Court, upon analysis of the law and the facts of this case came to the conclusion that Section 544(a) applied and the Trustee could avoid the Defendant's equitable lien.

Upon Reconsideration, the Defendant argues that since the Trustee did not file a separate complaint, Section 544(a) may not be considered by the Court. It is

the law that an action under Section 544(a) must be brought by way of an Adversary Proceeding. Rule 7001 of the Federal Rules of Bankruptcy Procedure. However, in this case, an Adversary Proceeding was brought under Section 547 of the Code. To require the Trustee to file an additional complaint under Section 544(a) would not be in the interests of judicial economy and would be a waste of estate assets. Certainly, an argument based upon Section 544(a) may be a subpart of an action brought under Section 547, and often is.

Where the Defendant may get some mileage for his argument is in the fact that neither party specifically mentioned the Trustee's strong arm powers. Rather, the Court found the argument and applied it. However, the Court does not deem application of Section 544(a) in this manner as unfair. Were the Court solely restricted to the arguments of counsel and the research provided, there would be many uninformed and just plain incorrect decisions rendered. Rather, the Court must be free to research the law and apply logical extensions of arguments made by counsel. That is what was done here. Should the Court misapply legal arguments that it propounds, then, upon a Motion to Reconsider, the parties may point out to the Court the error of its way. In this manner, justice is done.

On the basis of *McKee–Berger Mansueto, Inc. v. Board of Education*, 691 F.2d 828 (7th Cir.1982) and *In re Brass Kettle Restaurant, Inc.*, 790 F.2d 574 (7th Cir. 1986), the Defendant argues that an attorney's equitable lien resulting from a contingent fee contract stands ahead of a subsequent judgment lien creditor. As such, the Trustee may not use Section 544(a) to avoid the Defendant's lien.

In *McKee–Berger*, one of the questions presented was whether an attorney's equitable lien was superior to the lien created by a subsequent judgment lien creditor. In that case, the plaintiff obtained a judgment against the defendant. The attorney for the plaintiff filed with the court a copy of the contingent fee contract executed between himself and the plaintiff. Sometime

later, a judgment creditor filed a garnishment summons with the court.

The Seventh Circuit granted plaintiff's attorney an equitable lien in the proceeds from the judgment. Then, on the basis of two Illinois state court cases, *Williams v. West Chicago St. R.R. Co.*, 199 Ill. 59, 64 N.E. 1024 (1902) and *National Bank v. Newberg*, 7 Ill.App.3d 859, 289 N.E.2d 197 (1st Dist.1972), the court determined that plaintiff's attorney's secured claim took priority over that of the garnishing creditor.

In *National Bank v. Newberg*, Newberg hired Attorney Welter to represent him in several actions as defendant and several other actions as plaintiff. In those actions in which Welter would represent Newberg as defendant, Welter was to be paid on an hourly basis. In those matters in which Welter would represent Newberg as plaintiff, Welter was to receive one-third (⅓) of the proceeds realized. Newberg then assigned his interest in those actions to Welter as security for Welter's other fees.

A settlement was reached in those matters in which Newberg was a plaintiff. Included as part of the Order settling the cases was a provision directing payment of one-third of the gross proceeds to Welter in accordance with the employment contract between Welter and Newberg.

In a subsequent garnishment proceeding, Albany, a judgment creditor, requested the turnover of the proceeds from the settlement. Welter intervened and requested payment of his other legal fees from the settlement. The court found that Albany was entitled to the proceeds, minus Welter's one-third contingent fee as a prior lien holder. Had Welter made the court in the first proceeding aware of his other fee claim, he would have been entitled to them. He did not and was left with an unsecured claim against his client.

In *Williams*, Samuel Williams recovered a judgment against the West Chicago Street Railroad Company. Williams agreed to pay his attorney, Mr. Wing, one-half of any recovery. Prior to final judgment, Williams executed an assignment of the judgment to Wing to secure his fees. Immediately after the judgment was entered,

Wing filed the assignment with the clerk of the court. Several minutes later, the Olivers, judgment creditors of Williams, served a garnishment summons. The court held that the assignment to Wing was superior to the lien of the Olivers.

The Seventh Circuit, in *McKee–Berger*, recognized the general rule in Illinois that an equitable lien created by the assignment of a portion of a judgment is not perfected until some judicial recognition is given it. See also, *Marbach v. Gnadl*, 73 Ill.App.2d 303, 219 N.E.2d 572 (1st Dist.1966). It did so by relying on two Illinois cases that so apply the rule.

■ The Defendant argues that attachment of the lien, which occurs upon the signing of the contract, is synonymous with perfection. That is not so. Attachment is the impressing of a lien on the property. Perfection is notifying the world of the security interest.

■ Finally, the Defendant relies on *Brass Kettle*, which is square on the facts of the case at bar. While the facts do not indicate whether the attorneys filed a copy of their contingent fee contract with any court, the Seventh Circuit granted the attorneys an equitable lien, relying on *McKee–Berger*. The court in *Brass Kettle* also gave the attorneys priority over the Chapter 7 trustee on the basis of *McKee–Berger*. As stated before, *McKee–Berger* applied the Illinois rule that requires some type of filing to perfect an equitable lien holder's interest against a subsequent judgment creditor.

In this case, the Defendant alleges no facts that would indicate that he filed his contingent fee agreement in a court of any jurisdiction until after the Chapter 7 case was filed. Thus, his equitable lien does not enjoy priority over a subsequent judicial lien holder. The Defendant's Motion for Reconsideration should be DENIED.

IT IS SO ORDERED.