NORTH BANK, Plaintiff-Appellee, *v.* F & H RESOURCES, INC., *et al.*, Defendants.—(ROBERT J. CURRY, JR., Defendant-Appellant; THE NORTHERN TRUST COMPANY, Citation Respondent and Garnishee-Appellant; HAWLEY PRODUCTS, Intervenor-Plaintiff-Appellee.)

First District (1st Division)   No. 77-235

Opinion filed October 11, 1977.—Rehearing denied November 16, 1977.

Mitchell Edelson, Jr., of Chicago, for appellant.

Raymond E. Stachnik, of Moses, Gibbons, Abramson & Fox, and Leonard S. Shifflett and Brian Smith, both of Wilson & McIlvaine, all of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Two judgments by confession were entered on July 2, 1974, in favor of plaintiff North Bank and against F & H Resources, Ultra Glass Corporation and other defendants. Robert J. Curry, Jr., was included as a judgment debtor in both actions. A third judgment by default was entered on December 1, 1975, in favor of plaintiff Hawley Products and against Ultra Glass and other defendants; Curry was also a judgment debtor in this action.

North Bank subsequently instituted these supplementary proceedings in the circuit court of Cook County pursuant to section 73 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 73.) North Bank sought to recover upon its judgments out of various securities owned by Curry and

pledged by him as collateral for two demand notes to the citation respondent, Northern Trust Company. Hawley products sought to enforce its judgment through garnishment proceedings against Northern Trust, as garnishee, as to any property or indebtedness in which Northern Trust was interested relative to defendant Curry. (Ill. Rev. Stat. 1975, ch. 62, par. 33 *et seq.*) Hawley Products thereafter sought and received leave of the circuit court of Cook County to intervene in the section 73 supplementary proceedings instituted by North Bank. No question is raised as to this intervention. See *National Home, Inc. v. American National Bank & Trust Co.* (1958), 16 Ill. App. 2d 111, 147 N.E.2d 412; Ill. Rev. Stat. 1975, ch. 110A, par. 277.

Northern Trust and Curry appeal from an order of the circuit court entered on November 23, 1976, which required Northern Trust to sell the securities pledged to it by defendant Curry as collateral for the two demand notes. The circuit court's order further directed Northern Trust to distribute the proceeds of such sale, first to itself in satisfaction of Curry's indebtedness to it on the two demand notes, then in satisfaction of the costs, fees and commissions incurred as a result of such sale, and finally to North Bank and Hawley Products in the shares theretofore agreed upon between them as judgment creditors.

Northern Trust and Curry contend that the trial court was without authority under section 73 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 73) to order the pledgee of the collateral to sell said collateral to satisfy the claims of the judgment creditors. They say section 73(3) of the Act requires assets discovered under the statute to be delivered to the sheriff for sale by him, but does not permit the court to order a sale by the pledgee itself.

■■ ■ The primary rule in the interpretation and construction of statutes is that the intention of the legislature should be ascertained and given effect. The language of the statute should be used to determine that intention, and where the language of the statute is clear and unambiguous, the only legitimate function of the courts is to enforce the statute as enacted. Moreover, courts will not depart from the plain language of a statute by reading into it exceptions, limitations or conditions which conflict with the clearly expressed legislative intent. *Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 84, 256 N.E.2d 758; *General Motors Corp. v. Industrial Com.* (1975), 62 Ill. 2d 106, 112, 338 N.E.2d 561.

Section 73(3) of the Civil Practice Act provides (Ill. Rev. Stat. 1975, ch. 110, par. 73(3)):

> "All property ordered to be delivered up shall, except as otherwise provided in this section, be delivered to the sheriff to be by him collected or sold at public sale and the proceeds thereof applied towards the payment of costs and the satisfaction of the judgment."

It will be noted that this subsection relates to property which has been ordered by the trial court "to be delivered up."

Subsection (2) of section 73 relates to the powers of the trial court in supplementary proceedings. (Ill. Rev. Stat. 1975, ch. 110, par. 73(2).) In pertinent part, subsection (2) provides that the trial court may compel the judgment debtor to "deliver up" property in his possession or control (section 73(2)(a)); it may compel "any person cited" other than the judgment debtor to "deliver up" property of the judgment debtor (section 73(2)(c)); it may provide relief otherwise available in garnishment proceedings (section 73(2)(d)); or it may compel "any person cited to execute an assignment of any chose in action or a conveyance of title to real or personal property, in the same manner and to the same extent as a court of chancery could do in any proceeding by a judgment creditor to enforce payment of a judgment or in aid of execution" (section 73(2)(e)).

The summary of the trial court's powers under section 73 of the Civil Practice Act discloses liberal court authority in dealing with the question of collection of judgments. Moreover, the Joint Committee Comments to subsection (2) of the statute (Ill. Ann. Stat., ch. 110, par. 73, at 399 (Smith-Hurd 1968)) recites that the trial court has "broad powers to compel, in a summary manner, the application of assets and income discovered to payment of the judgment or decree." At the trial court's discretion, a citation respondent may be ordered to directly sell property of the judgment debtor in its possession, and the citation respondent's action pursuant to such order is both sanctioned by the terms of the statute and protected by the trial court's order.

■■ The trial court here properly exercised its discretion in ordering Northern Trust to sell the securities in its possession as pledgee and in directing distribution of the proceeds of the sale in the manner hereinabove described. The obligation of Curry to Northern Trust was in the form of demand notes, which could be called in by Northern Trust at any time; and Northern Trust took the securities in question as collateral for its loan to Curry and was therefore entitled to a prior claim thereon. The costs of the sale were properly directed by the trial court out of the proceeds of the sale. (See, e.g., Ill. Rev. Stat. 1975, ch. 110, par. 73(6), and ch. 110A, par. 277(i).) And the balance of the proceeds were properly directed to be paid to the judgment creditors North Bank and Hawley Products since the aggregate of their judgments against Curry and the others appeared to be substantially greater than the balance of the sale proceeds. We conclude that section 73 of the Civil Practice Act expressly permits the disposition of the matter as ordered by the instant trial court.

■■ Northern Trust and Curry also contend that the trial court's sale contravenes section 9—311 of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 9—311). That section provides:

954

"The debtor's rights in collateral may be voluntarily or involuntarily transferred (by way of sale, creation of a security interest, attachment, levy, garnishment or other judicial process) notwithstanding a provision in the security agreement prohibiting any transfer or making the transfer constitute a default."

They argue, without citation of authority or advancement of a reason, that supplementary proceedings under section 73 of the Civil Practice Act do not come within the meaning of "other judicial process," and that, therefore, Northern Trust's contract with Curry would be breached by the trial court's order to sell the collateral. On the contrary, section 9—311, by its plain language, includes the instant judicial proceedings, and permits transfer by Northern Trust of Curry's rights in the collateral. This contention is patently without merit.

For these reasons the order of the circuit court of Cook County, for the sale of the securities and distribution of the proceeds of such sale, is affirmed.

Order affirmed.

GOLDBERG, P. J. and O'CONNOR, J., concur.