FARM CREDIT BANK OF
ST. LOUIS, Appellant,

v.

James E. LUCAS, et al., Appellees.

No. 92–3250.

United States District Court,
C.D. Illinois,
Springfield Division.

March 9, 1993.

Jeffrey D. Richardson, Tietz & Richardson, Decatur, IL, for appellant.

John S. Narmont, Springfield, IL, for James E. Lucas and Thelma F. Lucas.

Mariann Pogge, Springfield, IL, for Farmers Pellet Co.

Ralph E. Bawden, Farmersville, IL, for Bank and Trust Co. of Litchfield.

John L. Swartz, pro se.

U.S. Trustee, pro se.

## OPINION

RICHARD MILLS, District Judge:

Bankruptcy appeal.

The issue: Did the bankruptcy court err when it ruled that a state court citation lien was not an enforceable lien in bankruptcy without entry of a turnover order by the state court as to the asset in question prior to the debtors' bankruptcy?

■ The Court will review this issue of law *de novo*. *In re Newman*, 903 F.2d 1150 (7th Cir.1990).

### I. *Facts*

■ The factual determinations made by Chief U.S. Bankruptcy Judge Larry Lessen are not in dispute. The citation lien in question was issued pursuant to a judgment entered in favor of appellant Farm Credit Bank and against the debtor James E. Lucas on September 11, 1990. Appellant issued citations to discover assets against the debtor on September 14, 1990. On October 9, 1990, the debtor appeared before the Circuit Court of the Fourth Judicial Circuit, Montgomery County, Illinois pursuant to the citation to discover assets. At this hearing, the debtor did not bring the documentation requested in the citation to discover assets order.[1] Therefore, on April 18, 1991, the Fourth Judicial Circuit Court extended the citation lien and citation period until the completion of the foreclosure of the debtor's beneficial interest in a land trust.[2]

On June 20, 1991, debtors filed their petition in bankruptcy. Appellant did not acquire a turnover order prior to the bankruptcy proceedings.

### II. *Analysis*

Chief U.S. Bankruptcy Judge Larry Lessen's opinion held that the entry of a turnover order is a necessary precondition for a determination that the judgment creditor has priority over a bankruptcy trustee. In doing so, Bankruptcy Judge Lessen concurred with the result reached by Bankruptcy Judge Schmetterer in *In re T.M. Sweeney & Sons, LTL Services, Inc.*, 120

---

1. This is an additional fact not present in Bankruptcy Judge Lessen's opinion. The Court makes this finding based on the information represented to the Illinois trial court in Appellant's Motion for Further Hearing and Dispositive Order dated April 1, 1991. The Court makes this finding to rebut Appellee's audacious claim that Appellant should be denied priority over the Bankruptcy Trustee because it did not diligently discover the debtor's assets in the citation proceeding. Appellee Brief, at 8. The Court finds no evidence that Appellant failed to diligently discover the assets of the debtor. Rather, it appears that any delay in securing a turnover order was the result of the debtor failing to provide the Circuit Court with sufficient information in the first citation to discover assets proceeding.

2. The debtors' interest in this land trust is unrelated to this lawsuit. Appellant moved the Fourth Circuit Court to extend the period of the citation lien because citation liens lapse under Illinois law after six months unless extended by the state court. Ill.Rev.Stat. ch. 110A, § 277 (1988).

B.R. 101, 104–06 (Bankr.N.D.Ill.1990) and *In re Lifchitz,* 131 B.R. 827, 833–34 (Bankr. N.D.Ill.1991). These three decisions provide some degree of order to an area of Illinois law that has been described as "muddled" by a number of courts. *General Telephone Co. of Illinois v. Robinson,* 545 F.Supp. 788, 797 (C.D.Ill.1982); *Lifchitz,* 131 B.R. at 833.

The "muddled" characteristic arises because of the legislative silence concerning the Illinois statute governing the citation to discover assets proceedings. *See* Ill.Rev. Stat., ch. 110, ¶ 2–1402. This statute does not specify whether a lien arises upon service of citation summons following judgment or whether the lien arises upon entry of an order for turnover of property.

*Sweeney* and *Lifchitz* outline much of the background controversy surrounding when the lien arises pursuant to the citation proceedings. *Lifchitz* concludes that even though there are scholarly decisions to the contrary, the sheer weight of Illinois precedent deems that service of the citation creates a valid citation lien under Illinois law. *Lifchitz,* 131 B.R. at 833.

But *Sweeney* and *Lifchitz* did not stop there. Both decisions found that even though service of the citation may create a valid lien, this lien was not perfected and could be avoided by the bankruptcy trustee if the judgment lienor failed to secure a turnover order. *Id.* This is because the time of the "transfer" of an interest is fixed by federal bankruptcy law—not Illinois state law. For purposes of 11 U.S.C. § 547(e)(2), a "transfer" does not occur until that transfer is "perfected." *See* 11 U.S.C. § 547(e)(2)(B). Most notably, *Lifchitz* found that:

> Perfection is a concept under bankruptcy law that is not an element required for a citation lien under Illinois law. "Perfection" under § 547(e)(2)(B) is a concept under which a creditor's rights become fixed and unalienable as against the lien rights of other competing creditors. Under Illinois law, the citation lien that attaches when citation summons is served remains subject to attack and modification until the property is ordered to be

turned over. Therefore a "transfer" under federal bankruptcy law takes place as of entry of a turnover order, pursuant to § 547(e)(2)(B). There was no turnover order entered here, and therefore perfection of the citation lien never took place. *Lifchitz,* 131 B.R. at 834.

Appellant disagrees with this result for several reasons. First, it argues that there is no precedent to support Judge Schmetterer's proposition that the "perfection" concept of 11 U.S.C. § 547(e)(2)(B) applies to Illinois citation liens. Second, it argues that Judge Schmetterer's opinions run counter to dicta in *King v. Ionization International, Inc.,* 825 F.2d 1180 (7th Cir. 1987); *Asher v. United States,* 570 F.2d 682 (7th Cir.1978); and *Robinson,* 545 F.Supp. at 788.

■ The Court agrees with both of Appellant's arguments. First, despite the "muddle," the determination of whether a bankruptcy trustee has priority over a lien creditor must be determined by state law. *In re Chaseley's Foods, Inc.,* 726 F.2d 303, 307 (7th Cir.1983). Under 11 U.S.C. § 544(a), the trustee has the status of hypothetical lien creditor and may avoid any unperfected liens on the property belonging to the bankruptcy estate. "While the rights given to the trustee are governed by federal law, the extent of the rights in regard to the priority of lien holders is controlled by state law.... *whether a lien creditor has priority over another claimant is determined by looking at state law.*" *Id.* (citation omitted) (Court's emphasis).

True, Bankruptcy Judge Lessen's opinion puts a new spin on the priority contest between the trustee and the lien creditor. His opinion states that the issue is not a priority contest between the trustee and judgment lienor, but instead involves the trustee's powers to avoid certain liens in bankruptcy. Federal law, not state law, determines which liens the trustee may avoid in bankruptcy. Because a judgment lienor's rights are not fixed and unassailable until a turnover order is entered in a citation proceeding, the trustee can avoid a citation lien under § 547(e)(2)(B).

The Court cannot agree.

■ To begin with, the trustee's avoidance powers are contingent on the powers granted by state law. Section 544(a) of the Bankruptcy Code states:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of *or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—*
>
> (1) *a creditor* that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such judicial lien, whether or not such a creditor exists; ... (emphasis ours).

In other words, a trustee may not avoid a transfer under § 547(e)(2)(B) that he/she could not avoid as a judgment creditor under state law.[3] *Chaseley's Foods*, 726 F.2d at 307. Therefore, to the extent the "perfection" concept of *Sweeney, Lifchitz,* and Bankruptcy Judge Lessen's opinion below grant a trustee any additional avoidance power than that resulting from Illinois law, the Court finds these opinions incorrect as a matter of law.

Nor does the Court find that the concept of perfecting a citation lien via a turnover order is indigenous to Illinois law. Although *Kaiser–Ducett v. Chicago–Joliet Livestock Marketing Center*, 86 Ill.App.3d 216, 219, 41 Ill.Dec. 651, 654, 407 N.E.2d 1149, 1152 (1980) comes close, the Court believes this case fits under the rubric of "muddled" cases. *Kaiser–Ducett* at one moment will use language that a writ of execution is necessary for the purpose of creating a lien on intangible personal property, an incorrect proposition according to the weight of Illinois precedent and *Sweeney* and *Lifchitz*, and at the next moment will claim that a writ of execution is necessary for perfection. *Id.* The Court is not convinced that *Kaiser–Ducett* is cognizant of the distinction between perfection and attachment that Bankruptcy Judges Lessen and Schmetterer are drawing in the instant situation.

■ In addition, the Court disagrees with the analysis in *Lifchitz* which characterizes a citation lien in Illinois as contingent and alienable—and thus unperfected under the Bankruptcy Code.[4] *Lifchitz*, 131 B.R. at 834. True, the Court agrees that the citation summons may be subject to modification. Nevertheless, the citation lien creates a specific lien on the assets of the debtor.

For example, according to the citation to discover assets order entered by the Illinois trial court in this case, the debtor was "prohibited from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which he may be entitled or which may be acquired by or become due to him...." Order dated September 17, 1990. In other words, Farm Credit Bank's lien against the assets of the debtor was fixed as of entry of the citation order. That lien was contingent in the sense that it might be extinguished by events later on in the suit. But by itself, it was a specific charge that was not subject to divestment until the payment of the judgment sought to be collected. *See Metcalf Bros. & Co. v. Barker*, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122 (1902); *In re U.S. Marketing*, 113 B.R. 487 (Bankr.N.D.Ind. 1990); *United States v. South Carolina*, 227 S.C. 187, 87 S.E.2d 577 (1955).

---

3. The Court makes this point because of the following language in *Lifchitz:* "Perfection is a concept under bankruptcy law that is not an element required for a citation lien under Illinois law." *Lifchitz*, 131 B.R. at 833. The Court finds that because § 544 requires the avoidance powers of the trustee to be contingent on state law, if perfection is not a concept under Illinois law, then it is not a valid concept under the under the Bankruptcy Code.

4. Of course, the determination of whether a lien is perfected under the Bankruptcy Code per § 547 must be determined by Illinois law.

Second, the Court finds that dicta from *King v. Ionization International, Inc.,* 825 F.2d 1180, 1187–88 (7th Cir.1987), controls the disposition of this case. In *King,* a judgment lienor filed a citation against the judgment debtor. No turnover order was entered in favor of the judgment lienor. After six months[5] a creditor,levied on the debtor's personal property through a writ of execution and the federal magistrate gave the creditor a turnover order to satisfy the judgment. The judgment lienor intervened in the proceeding and obtained an order extending its citation (even though six months had expired before the extension order was entered). The issue on appeal was whether the citation extension related back to the date of the initial citation. The Seventh Circuit ruled as follows:

> If collection is not accomplished within six months, the citation proceeding terminates unless it has been extended. See Ill.Rev.Stat. ch. 110A, ¶ 277(f). In this case, six months passed, and the proceedings (it seemed) lapsed. Later King [creditor] obtained his judgment against Ionization [debtor]. Later still, Walter Management—to which McWilliams [judgment lienor] had sold its judgment—obtained an extension of the citation proceeding. If the proceeding really lapsed, however, there was nothing to extend and the order was ineffective. But if, as Walter Management argues, the extension was effective *nunc pro tunc, then Walter Management [judgment lienor] has a lien prior to King's [creditor].*

*King,* 825 F.2d at 1188. (emphasis ours).

The Court agrees with appellant that this language is dispositive in the instant case. Walter Management did not secure a turnover order in the citation to discover assets proceeding before King [creditor] obtained his judgment against the debtor. Moreover, King's judgment was a *perfected* security interest. *Id.* at 1183. Therefore, since the above language in *King* would give Walter Management priority over King (had Walter Management properly ex-

tended the citation to discover assets proceeding), then *King* stands for the proposition that a turnover order is not necessary to perfect a citation to discover assets proceeding under Illinois law.

Appellee argues that the above quoted language in King is "mere surplusage" and provides no basis to interpret Illinois law. We disagree. First of all, if *King* stood for the proposition that a turnover order was a pre-requisite to perfect a citation lien, then it would have been unnecessary for the *King* court to discuss the lapsed citation. Instead, the court in *King* could have disposed of the Walter Management lien as unperfected.

For the foregoing reasons, this Court finds that The Bank and Trust Company of Litchfield has a first priority lien, Farm Credit Bank of St. Louis has a second priority lien, and the Trustee has a third priority lien in the above identified stock. The Court will not disturb the other findings of the United States Bankruptcy Court as they have not been appealed to this Court.

*Ergo,* the judgment of the United States Bankruptcy Court in the above captioned matter is REVERSED.

Case CLOSED.

---

5. Citation liens lapse under Illinois law after six months unless extended by the state court. Ill. Rev.Stat. ch. 110A, § 277 (1988).