18 F.3d 413
 Bankr. L. Rep. P 75,756, 22 UCC Rep.Serv.2d 1141
Farm Credit Bank of St. Louis, a federally chartered
corporation, Farmers Pellet Company, Bank and
Trust Company of Litchfield, Appellees,
and
James E. Lucas and Thelma F. Lucas, Debtors-Appellees.
Appeal of John L. SWARTZ, Trustee.
 No. 93-1757.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 4, 1993.
Decided March 7, 1994.
Rehearing Denied May 6, 1994.
 
 John L. Swartz, Arthur B. Cornell, Jr. (argued), Giffin, Winning, Cohen & Bodewes, Springfield, IL, for John L. Swartz.
 U.S. Trustee, Peoria, IL.
 Mariann Pogge, Springfield, IL, for Farmers Pellet Co.
 Ralph E. Bawden, Farmersville, IL, for Bank and Trust Co. of Litchfield.
 Jeffrey D. Richardson (argued), Tietz & Richardson, Decatur, IL, for Farm Credit Bank of St. Louis.
 John S. Narmont, Springfield, IL, for James E. Lucas and Thelma F. Lucas.
 Before BAUER and RIPPLE, Circuit Judges, and REYNOLDS, District Judge.*
 BAUER, Circuit Judge.
 
 
 1
 This bankruptcy litigation concerns the relative rights of a judgment creditor, Farm Credit, and a bankruptcy trustee, John Swartz, to a particular quantity of stock owned by the debtors, James and Thelma Lucas. Before the obligation to Farm Credit arose and before the bankruptcy commenced, the Lucases had pledged the stock as security for a loan. The issue we must decide is whether by serving the Lucases with a citation to discover assets and thereby commencing proceedings to collect on its judgment, Farm Credit obtained a lien against the stock. The district court held that the citation did indeed create a lien and that Farm Credit's claim to the stock was superior to that of the trustee's. We hold, however, that because the citation was not served on the proper party, the lien could not have extended to the stock and the district court's decision should be reversed.
 
 I.
 
 2
 The facts in this case are not in dispute. In April of 1988, the Lucases secured a loan by pledging as collateral their 112 1/2 shares in Farmers Pellet Company to the lender, Litchfield Bank and Trust ("Litchfield"). A few years later, in an unrelated matter, Farm Credit obtained a judgment against the Lucases in the amount of $49,905.83. To effectuate this judgment, on September 14, 1990, Farm Credit served a citation on the Lucases, commencing proceedings to discover assets pursuant to 735 ILCS 5/2-1402 and Ill.Sup.Ct.R. 277.[1] James Lucas first appeared in response to the citation on October 9, 1990, but proceedings were extended to permit Farm Credit to foreclose on the Lucases' beneficial interest in a land trust. The Lucases' financial troubles persisted and on June 20, 1991, they filed for bankruptcy. As of the bankruptcy filing, the proceedings to discover assets were still ongoing and no orders on property disposition had been obtained.
 
 
 3
 The sole issue presented by this case is whether Farm Credit or the trustee in bankruptcy, Swartz, is second in priority to have a lien on the stock. The parties agree that Litchfield has a valid and superior lien pursuant to the Illinois version of the Uniform Commercial Code ("UCC"), and the Lucases do not purport to retain any rights to the stock. Because the stock's value exceeds the amount of Litchfield's lien, being second in line is significant.
 
 
 4
 The courts below focused their inquiry on whether Farm Credit's citation initiating supplementary proceedings created a lien against the Lucases' nonexempt assets or whether an order directing the transfer of property was necessary for such a lien. Due to an ambiguity in the law, the decisions in this case have varied. The bankruptcy court first held on a motion for summary judgment that Farm Credit's citation created a lien and that it was superior to the trustee's claim because it was created prior to the bankruptcy petition. On reconsideration, the bankruptcy court reversed itself, holding that although the citation created a lien which attached to the debtor's assets, the lien was not perfected until the court ordered the debtor to turn over certain assets. Since no such order had been entered, the trustee's claim had priority. On appeal to the district court, the initial decision in favor of Farm Credit was reinstated, 152 B.R. 244. The district court held that because lien priority was a matter of state law, and perfection was a concept of federal bankruptcy law, a turnover order was not necessary to the creation of a valid lien. The district court also relied on dicta in King v. Ionization Int'l, Inc., 825 F.2d 1180 (7th Cir.1987), in which this court had to decide whether the extension of a citation order was valid in keeping the lien alive. Since there was an issue of the lien's vitality in the absence of a turnover order, the court concluded that the citation order was sufficient.
 
 II.
 
 5
 The facts of this case are undisputed. We are asked to decide what is purely a matter of law, and we, therefore, review the issue de novo. Triad Assocs., Inc. v. Robinson, 10 F.3d 492, 495 (7th Cir.1993).
 
 
 6
 Illinois law allows creditors who have secured judgment to initiate supplementary proceedings against a debtor for purposes of discovering income and assets which are not exempt from satisfaction of a judgment. The first step in this process is for the court to issue a citation to the debtor or a third party notifying that party of the proceeding and directing the respondent to appear. 735 ILCS 5/2-1402(a). Once non-exempted income and assets are discovered, the court may fashion a remedy ordering the debtor to satisfy the debt. 735 ILCS 5/2-1402(b).
 
 
 7
 The question of when a lien is created in favor of the creditor is of particular significance in bankruptcy proceedings. The bankruptcy trustee occupies the position of a creditor whose lien was perfected when the bankruptcy commenced, and the trustee is empowered to avoid any competing claims which such a hypothetical creditor would be permitted to avoid pursuant to state law on lien priority. 11 U.S.C. Sec. 544(a); In re Chaseley's Foods, 726 F.2d 303, 307 (7th Cir.1983). Thus, if Illinois law provides that a citation to discover assets creates a lien, Farm Credit's claim will have priority over the trustee's. If Illinois law maintains otherwise, the trustee will prevail.
 
 
 8
 Before we step into the confused debate over whether a citation to discover assets creates an enforceable lien under Illinois law, see General Tel. Co. v. Robinson, 545 F.Supp. 788, 793 (C.D.Ill.1982) (describing the law in this area as "muddled"), we must first determine whether the citation itself extended to the stock. For even if a lien was in fact created by the citation, unless the lien's terms attach to the stock, Farm Credit's right to the stock would be subordinate to that of the trustee's.
 
 
 9
 Where courts have held that service of a citation creates a lien, the lien attaches to the assets which are in possession of the citation respondent. National Bank of Albany Park v. Newberg, 7 Ill.App.3d 859, 289 N.E.2d 197 (1972) (debtor as respondent); In re Einoder, 55 B.R. 319, 325 (Bankr.N.D.Ill.1985) (third party as respondent); In re Foluke, 38 B.R. 298 (Bankr.N.D.Ill.1984) (debtor as respondent); In re Stoner, 7 B.R. 240 (Bankr.N.D.Ill.1980) (debtor and third party as respondents). Newberg is particularly instructive. There, the creditor issued a citation to discover assets against the debtor and secured a turnover order for any settlement proceeds which the debtor received in a pending lawsuit against the Federal Savings and Loan Insurance Corporation ("FSLIC"). Meanwhile, a subsequent creditor instituted garnishment proceedings against the FSLIC. The court held that the turnover order had no effect on assets of the debtor which were in possession of the FSLIC because the FSLIC was not made a party to the supplementary proceedings. Newberg, 289 N.E.2d at 202. As a result, the subsequent creditor's claim to the proceeds was deemed to be superior. Thus, Newberg stands for the proposition that service of a citation upon the debtor is not sufficient to create a lien against property in the hands of a third party. The creditor must serve a citation upon the third party.
 
 
 10
 Newberg is consistent with the recent statutory amendment, enacted after the briefs were submitted in this case. Designed to clear up confusion over the legal effect of a citation, it specifically provides that a citation to discover assets creates a lien on the assets in possession of the party served, whether it be the debtor or a third party.[2] 735 ILCS 5/2-1402(j). The statute's concluding sentence states: "This Amendatory Act of 1993 is a declaration of existing law." Id. A close reading of the statute reveals that the lien is limited to the assets of the debtor which are in possession of the citation respondent. Critical to our review then is a determination of who was in possession of the stock when the citation was issued.
 
 
 11
 Under the security agreement between Litchfield and the Lucases, the Lucases surrendered possession of the stock certificates to Litchfield and authorized Litchfield to transfer the stock to its name. Farm Credit insists that possession of the certificates is irrelevant because the Lucases maintained ownership. Illinois law does not support this position.
 
 
 12
 Both parties concede that Litchfield's security agreement with the Lucases gave rise to a perfected UCC lien. One of the requirements of a UCC lien for instruments is that the pledgee, in this case Litchfield, take possession of the instrument. 810 ILCS 5/9-304. Delivery of the stock certificate is a sufficient means of establishing possession. 810 ILCS 5/8-312; see also Bank of Aspen v. Fox Cartage, Inc., 158 Ill.App.3d 939, 110 Ill.Dec. 914, 918, 511 N.E.2d 1234, 1238 (1987), aff'd in part and rev'd on other grounds, 126 Ill.2d 307, 127 Ill.Dec. 952, 533 N.E.2d 1080 (1989); North Bank v. F & H Resources, 53 Ill.App.3d 950, 11 Ill.Dec. 720, 722, 369 N.E.2d 174, 176 (1977). It follows, therefore, that Litchfield was in possession of the stock.
 
 
 13
 The foregoing leads us to the inescapable conclusion that because the Lucases were not in possession of the stock, serving them with a citation to discover assets, even if assumed to create a lien, was insufficient to establish a claim to the stock. Farm Credit should have served a citation upon Litchfield.
 
 
 14
 Our decision is consistent with the policy of allowing third parties who have an interest in the property at issue in a supplemental proceeding an opportunity to be heard. O'Connell v. Pharmaco, Inc., 143 Ill.App.3d 1061, 98 Ill.Dec. 154, 159, 493 N.E.2d 1175, 1180 (1986), cert. denied, 479 U.S. 1091, 107 S.Ct. 1303, 94 L.Ed.2d 158 (1987); Garvey v. Parrish, 84 Ill.App.3d 578, 40 Ill.Dec. 13, 405 N.E.2d 1105 (1980). Giving third parties notice and an opportunity for a hearing ensures that property is disposed of properly. It is even more important where service of a citation has the effect of creating a lien. Farm Credit offers no authority for its claim that notice was rendered dispensable because Litchfield's priority was not in dispute. Nothing in Newberg nor in the recent statutory amendment suggests that service of a citation to discover assets depends on a creditor's priority.
 
 III.
 
 15
 Our review indicates that the citation issued by Farm Credit to discover assets in the possession of the Lucases did not create a lien against stock which the Lucases had pledged as security to Litchfield. As a result, the trustee's claim to the stock, though subordinate to Litchfield's UCC lien, is superior to Farm Credit's claim. We therefore reverse the district court's decision and remand the case to the bankruptcy court for proceedings consistent with this opinion.
 
 
 
 *
 The Honorable John W. Reynolds, United States District Judge for the Eastern District of Wisconsin, is sitting by designation
 
 
 [1]
 The Illinois statute governing supplementary proceedings reads in part as follows:
 A judgment creditor ... is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment therefrom, a deduction order or garnishment, and of compelling the application of nonexempt assets or income discovered toward the payment of the amount due under the judgment. A supplementary proceeding shall be commenced by the service of a citation issued by the clerk. The procedure for conducting supplementary proceedings shall be prescribed by rules.
 
 
 [735]
 ILCS 5/2-1402(a)
 The Illinois Supreme Court Rule on conducting supplementary proceedings provides in part:
 A supplementary proceeding ... may be commenced at any time with respect to a judgment which is subject to enforcement. The proceeding may be against the judgment debtor or any third party the judgment creditor believes has property of or is indebted to the judgment debtor.
 Ill.Sup.Ct.R. 277.
 
 
 [2]
 The amended provision reads:
 (j) The judgment or balance due on judgment becomes a lien when a citation is served in accordance with subsection (a) of this Section. The lien binds nonexempt personal property, including money, choses in action, and effects of the judgment debtor as follows:
 (1) When the citation is directed against the judgment debtor, upon all personal property belonging to the judgment debtor in the possession or control of the judgment debtor or which may thereafter be acquired or come due to the judgment debtor to the time of the disposition of the citation.
 (2) When the citation is directed against a third party, upon all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation.
 This Amendatory Act of 1993 is a declaration of existing law.
 
 
 [735]
 ILCS 5/2-1402(j)